IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORGE ORTIZ, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF MARIA ORTIZ, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF MARIA ORTIZ, DECEASED; ELIA NEL ORTIZ, INDIVIDUALLY; AND ROSALINDA GONZALEZ, INDIVIDUALLY AND AS NEXT FRIEND OF R.G., A MINOR | § § § § § § § § § § | CIVIL ACTION NO. 5:21-cv-143 |
| VS. | § § § | JURY REQUESTED |
| GENERAL MOTORS LLC | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Jorge Ortiz, Individually, as Representative of the Estate of Maria Ortiz, Deceased, and on Behalf of All Those Entitled to Recover for the Death of Maria Ortiz, Deceased; Elia Nel Ortiz, Individually; and Rosalinda Gonzalez, Individually and as Next Friend of R.G., a Minor (collectively "Plaintiffs"), file this their Original Complaint against Defendant General Motors LLC and, in support of their causes of action, will respectfully show the following:

### I.
### PARTIES

1.1 Plaintiff Jorge Ortiz is the surviving natural son of Maria Ortiz, Deceased. Mr. Ortiz is a United States citizen, and is and was a resident and citizen of the State of Texas at all times relevant to this action.

1.2 Plaintiff Elia Nel Ortiz is the surviving natural daughter of Maria Ortiz, Deceased.

1.3     Plaintiff Rosalinda Gonzalez is the surviving natural daughter of Maria Ortiz, Deceased, and the natural mother of R.G., a Minor.  Ms. Gonzalez is a United States citizen, and is and was a resident and citizen of the State of Texas at all times relevant to this action.

1.4     R.G., a Minor, is the surviving natural grandchild of Maria Ortiz, Deceased, and the natural child of Rosalinda Gonzalez.  R.G. is a United States citizen, and is and was a resident and citizen of the State of Texas at all times relevant to this action.

1.5     Defendant General Motors LLC ("GM") is a Delaware company with its principal place of business in Michigan.  GM, however, has offices in Texas, actively conducts business in Texas and, in fact, this action arises from a specific GM vehicle the automaker placed into the stream of commerce in Texas.  Further, GM owns property in Texas, recruits and hires Texas residents, and has numerous other direct contacts with Texas.  GM purposefully avails itself to the jurisdiction of Texas courts, and can reasonably expect to be haled into Texas courts.  General Motors LLC maintains a registered agent for service of process in Texas, and can be served through said agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.

1.6     There are no known responsible third parties to this action as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between Plaintiffs who are citizens of

Texas, and a defendant that is incorporated in, and has its principal place of business in, a state other than Texas, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over GM because GM engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Western District of Texas, so that it has sufficient minimum contacts, both in general and with regard to this specific action, such that exercising jurisdiction over GM does not violate GM's right to due process or offend the traditional notions of fair play and substantial justice.

### III.
### VENUE

3.1     Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Western District of Texas.

3.2     Venue is also proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because GM is a corporation that resides in this district pursuant to § 1391(d).

### IV.
### BACKGROUND FACTS

4.1     On or about February 26, 2019, Rosalinda Gonzalez was driving a 2007 Chevrolet Silverado 1500 (V.I.N. 1GCEC19J97Z610936) (the "subject vehicle") east on Interstate 10 in Guadalupe County, Texas.

4.2     Rosalinda's mother, Maria Ortiz, was riding in the front passenger's seat of the subject vehicle.

4.3     Rosalinda's child, and Maria's grandchild, R.G., was riding in the rear-center seat.

4.4     Near 8:00 p.m., Rosalinda lost control of the subject vehicle, and the vehicle entered into a passenger-side leading roll over.

4.5     At the time of the subject incident, Rosalinda, Maria, and R.G. were all properly restrained.

4.6     During the roll sequence, the subject vehicle's roof collapsed, thus compromising the vehicle's occupant protection zone and the efficacy of the subject vehicle's occupant restraint and containment systems, as provided by GM.

4.7     As a result of this failure, and despite the proper use of their seatbelts, Maria was partially ejected and severely injured.

4.8     More than three hours after the crash, and after experiencing the after-effects of the crash in a conscious state, Maria Ortiz died from her injuries.

## V.
### CAUSES OF ACTION AGAINST DEFENDANT GM

**A.     Strict Products Liability**

5.1     At all times material hereto, Defendant GM was in the business of designing, developing, and distributing automobiles, including vehicles such as the Chevrolet Silverado 1500, and did design, develop, and distribute the subject vehicle.

5.2     Defendant GM is thus the "manufacturer" of the subject vehicle within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries produced by any defect in the subject vehicle arising out of the design of said vehicle.

5.3     Maria Ortiz was killed due to defects in the design of the subject vehicle. Specifically, the subject vehicle is prone to transient oversteer in standard accident avoidance maneuvers, even with four good tires, and thus the subject vehicle's handling and stability characteristics rendered the vehicle unreasonably dangerous and defective as designed. Additionally, the design of the vehicle's stability control and rollover avoidance systems was inadequate to prevent and/or significantly reduce the likelihood of rollovers, and thus rendered the subject vehicle unreasonably dangerous and defective, taking into consideration the utility of the subject vehicle and the risks involved in its use.

5.4     Further, the design of the vehicle's occupant containment, restraint, and protection systems were inadequate to protect consumers during foreseeable rollover events, and thus rendered the subject vehicle unreasonably dangerous and defective, taking into consideration the utility of the subject vehicle and the risks involved in its use.

5.5     These defects were present in the subject vehicle at the time it left the possession of GM.

5.6     These defects were producing causes of the death of Maria Ortiz, the injuries sustained by Rosalinda Gonzalez and R.G., and all Plaintiffs' resulting damages.

5.7     At the time the subject vehicle left the possession of GM, there were safer alternative designs other than the designs used in the subject vehicle that would have significantly reduced the likelihood of rollover, and significantly increased occupant protection and restraint, thus reducing the risk of catastrophic injury and death, including, but not limited to, electronic stability control, a stronger roof, rollover-

activated seatbelt pretensioners, seat-integrated restraints, sturdier sideglass less prone to breakage during rollover events, and rollover-activated side air curtains.

5.8 These alternative designs were both economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the subject vehicle left the control of GM and were, in fact, installed by GM in many of their other production vehicles.

**B. Negligence**

5.9 On the occasion in question, GM, by and through its officers, employees, agents and representatives, committed acts of omission and commission, which collectively and severally constituted negligence.

5.10 These acts include, but are not limited to, the following:

a. Designing the subject vehicle with inadequate stability and/or rollover avoidance systems;

b. Failing to adequately test the subject vehicle's stability and/or rollover avoidance systems;

c. Failing to implement alternative designs in the subject vehicle that would have made the vehicle's stability and/or rollover avoidance systems more robust and/or effective;

d. Designing the subject vehicle with inadequate occupant containment, protection, and/or restraint systems for foreseeable rollover events;

e. Failing to adequately test the subject vehicle's occupant containment, protection, and/or restraint systems in rollover scenarios; and

f. Failing to implement alternative designs in the subject vehicle that would have made the vehicle's occupant containment, protection, and/or restraint characteristics during rollovers more robust and/or effective.

5.11    Plaintiffs will show that these acts of omission and commission, when taken separately and/or together, constitute negligence as that term is understood at law.

5.12    Plaintiffs will further show that the foregoing acts of negligence were proximate causes of the death of Maria Ortiz, the injuries sustained by Rosalinda Gonzalez and R.G., and all Plaintiffs' resulting damages.

## VI.
### TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.008

6.1    No mandatory safety standard or regulation adopted and promulgated by the federal government or an agency of the federal government was applicable to the 2007 Chevrolet Silverado 1500 at the time the subject vehicle was manufactured that governed any product risk that caused the death of Maria Ortiz or the injuries suffered by Rosalinda Gonzalez and R.G.

6.2    To the extent GM attempts to rely on any standards or regulations of the federal government as a defense, Plaintiffs hereby plead that such standards or regulations were inadequate to protect against the risk of the injuries that occurred in this incident and/or GM withheld or misrepresented information to the government regarding the adequacy of the safety standard alleged to be at issue.

## VII.
### DAMAGES

**A.    Wrongful Death Damages**

7.1    As the result of the death of his mother, Maria Ortiz, Plaintiff Jorge Ortiz seeks the following elements of damages from GM:

    a.    Pecuniary loss sustained in the past;

      b.      Pecuniary loss that, in reasonable probability, will be sustained in the future;

      c.      Loss of companionship and society sustained in the past;

      d.      Loss of companionship and society that, in reasonable probability, will be sustained in the future;

      e.      Mental anguish sustained in the past; and

      f.      Mental anguish that, in reasonable probability, will be sustained in the future.

7.2    As the result of the death of her mother, Plaintiff Elia Nell Ortiz seeks the following elements of damages from GM:

      a.      Pecuniary loss sustained in the past;

      b.      Pecuniary loss that, in reasonable probability, will be sustained in the future;

      c.      Loss of companionship and society sustained in the past;

      d.      Loss of companionship and society that, in reasonable probability, will be sustained in the future;

      e.      Mental anguish sustained in the past; and

      f.      Mental anguish that, in reasonable probability, will be sustained in the future.

7.3    As the result of the death of her mother, Plaintiff Rosalinda Gonzalez seeks the following elements of damages from GM:

      a.      Pecuniary loss sustained in the past;

      b.      Pecuniary loss that, in reasonable probability, will be sustained in the future;

      c.      Loss of companionship and society sustained in the past;

      d.      Loss of companionship and society that, in reasonable probability, will be sustained in the future;

      e.      Mental anguish sustained in the past; and

  f. Mental anguish that, in reasonable probability, will be sustained in the future.

**B. Survival Damages – The Estate of Maria Ortiz**

7.4 Pursuant to the Texas Survival Statute, the Estate of Maria Ortiz seeks the following elements of damages from GM relating to the subject incident and death of Maria's death:

  a. Pain suffered by Maria Ortiz prior to her death;

  b. Mental anguish suffered by Maria Ortiz prior to her death; and

  c. Medical expenses related to treatment of injuries sustained by Maria Ortiz prior to her death.

**C. Personal Injury Damages**

7.5 As the result of the subject incident, Plaintiff Rosalinda Gonzalez seeks the following elements of damages from GM:

  a. Pain sustained in the past;

  b. Pain that, in reasonable probability, will be sustained in the future;

  c. Mental anguish sustained in the past;

  d. Mental anguish that, in reasonable probability, will be sustained in the future;

  e. Loss of earning capacity sustained in the past;

  f. Loss of earning capacity that, in reasonable probability, will be sustained in the future;

  g. Disfigurement sustained in the past;

  h. Disfigurement that, in reasonable probability, will be sustained in the future;

  i. Physical impairment sustained in the past;
  j. Physical impairment that, in reasonable probability, will be sustained in the future;

    k.  Medical care expenses incurred in the past;

    l.  Medical care expenses that, in reasonable probability, will be incurred in the future;

    m.  Medical care expenses for R.G. incurred in the past; and

    n.  Medical care expenses for R.G. that, in reasonable probability, will be incurred in the future, up and to the age of 18.

  7.6  As the result of the death of the subject incident, Plaintiff Rosalinda Gonzalez, as Next Friend of R.G., seeks the following elements of damages from GM on behalf of R.G.:

    a.  Pain sustained in the past;

    b.  Pain that, in reasonable probability, will be sustained in the future;

    c.  Mental anguish sustained in the past;

    d.  Mental anguish that, in reasonable probability, will be sustained in the future;

    e.  Disfigurement sustained in the past;

    f.  Disfigurement that, in reasonable probability, will be sustained in the future;

    g.  Physical impairment sustained in the past;

    h.  Physical impairment that, in reasonable probability, will be sustained in the future; and

    i.  Medical care expenses that, in reasonable probability, will be incurred in the future, after the age of 18.

**D.  Interest**

  7.7  Plaintiffs seek pre-judgment and post judgment interest at the applicable rate allowed by law.

## VIII.
## CONDITIONS PRECEDENT

8.1     All conditions precedent to Plaintiffs' rights to recover herein and to GM's liability have been performed or have occurred.

## IX.
## JURY DEMAND

9.1     Plaintiffs hereby timely file their request for a trial by jury pursuant to the Federal Rules of Civil Procedure.

## X.
## PRAYER

10.1    Plaintiffs Jorge Ortiz, Individually, as Representative of the Estate of Maria Ortiz, Deceased, and on Behalf of All Those Entitled to Recover for the Death of Maria Ortiz, Deceased; Elia Nel Ortiz, Individually; and Rosalinda Gonzalez, Individually and as Next Friend of R.G., a Minor, pray Defendant General Motors LLC be cited to appear and answer for its tortious conduct, this case be set for trial, and Plaintiffs recover a judgment of and from General Motors Company LLC for damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By:     */s/ Hunter Craft*
       **J. Hunter Craft**
       Attorney-in-Charge
       State Bar No. 24012466
       Federal Bar No. 24377
       **Laura A. Cockrell**
       State Bar No. 24082836
       Federal Bar No.  1691710
       2727 Allen Parkway, Suite 1150
       Houston, Texas 77019
       Telephone:     713.225.0500
       Telefax:          713.225.0566
       Email:             hcraft@craftlawfirm.com
       Email:             lcockrell@craftlawfirm.com

       **John D. Sheppard**
       Texas Bar No.: 24051331
       Federal Bar No. 635193
       5151 San Felipe, Suite 100
       Houston, Texas 77056
       Telephone:     713.489.1206
       Telefax:          713.893.8370
       Email:             jsheppard@morrowsheppard.com
       Email:             msfiling@morrowsheppard.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**
**MORROW & SHEPPARD LLP**

       **ATTORNEYS FOR PLAINTIFFS**